IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00985-WJM-KLM

NEW WEST TECHNOLOGIES, LLC, a Colorado limited liability company,

    Plaintiff/Counterclaim Defendant,

v.

MICHAEL T. PANICH, an individual,

    Defendant/Counterclaimant,

v.

JAMES S. WILLIAMSON,

    Counterclaim Defendant.

_____

## MINUTE ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on **Plaintiff's and Counterclaim-Defendant Williamson's Renewed Motion for Stay Pending Decision on Motion to Remand** [Docket No. 17; Filed May 16, 2011] (the "Motion").[1]  Pursuant to the Motion, Plaintiff and Counterclaim Defendant Williamson seek to stay the case pending a decision on the Motion to Remand, which raises jurisdictional issues.  The moving parties also seek to have the deadline to respond to the Counterclaim, which was extended as to Plaintiff [Docket No. 16], extended as to Mr. Williamson as well.[2]  The Motion is partially opposed.  Specifically,

---

[1] The Court notes that Mr. Williamson was not a party to the initial Motion for Stay filed by Plaintiff, which was denied without prejudice [Docket Nos. 12 & 16].

[2] To the extent that the moving parties also "request the Court to clarify that the Motion to Remand (Doc. # 10) . . . [was] filed on behalf of both [Plaintiff] and Mr. Williamson," see *Motion* [#17] at 3-4, the Court makes two observations.  First, the Motion to Remand is not

Defendant does not oppose the extension, but does oppose the stay. Despite the fact that the deadline for Defendant to respond has not expired, I may rule on the Motion at any time. *See* D.C.COLO.LCivR 7.1C. Given the jurisdictional issues raised by the Motion to Remand,

IT IS HEREBY **ORDERED** that the Court *sua sponte* vacates the Scheduling Conference set for June 15, 2011 at 11:00 a.m. and all deadlines linked thereto by Order of the Court or of the Federal Rules of Civil Procedure. Until the threshold issue of remand is decided, a Scheduling Conference is not appropriate.

IT IS FURTHER **ORDERED** that the Motion is **GRANTED in part and DENIED in part**. Specifically, the Motion is **granted** as to extending the deadline for Mr. Williamson to respond to the Counterclaim. The Motion is **denied** as to staying the response deadline associated with the Counterclaim and **denied as moot** as to staying the case generally.

IT IS FURTHER **ORDERED** that despite the pending Motion to Remand, Plaintiff and Counterclaim Defendant Williamson shall answer or otherwise respond to the Counterclaim [Docket No. 6] on or before **May 23, 2011**.

Finally, the Court notes that at present, the docket does not reflect the inclusion of Mr. Williamson in this case. The discrepancy appears to be caused by Defendant's failure to list Mr. Williamson in the case caption on Defendant's Answer and Counterclaim filed on April 20, 2011 [Docket No. 6]. Mr. Williamson is clearly named as a party in the text of the pleading. *See Answer and Counterclaim* [#6] at 14. To address the confusion this pleading

---

referred to the Magistrate Judge. Second, on its face, the Motion to Remand was filed only on behalf of Plaintiff. To the extent that Mr. Williamson wishes to join the Motion to Remand, he must do so through a clear and unambiguous pleading which alerts the District Judge to the proposed joinder and complies with all applicable rules and practice standards.

has caused,

IT IS FURTHER **ORDERED** that the parties' future pleadings shall use the case caption set forth above.  In addition, the Clerk is directed to add Mr. Williamson as a Counterclaim Defendant in this case.

Dated:  May 17, 2011